# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERRY SHELTON, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA LLC, <br><br> *Defendants*. | Case No. 1:21-cv-11076-DJC |

**DEFENDANTS PHILIPS NORTH AMERICA LLC AND PHILIPS RS NORTH AMERICA LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON A MOTION TO TRANSFER**

Defendants Philips North America LLC and Philips RS North America LLC (together "Philips"),[1] through their undersigned counsel, respectfully move to stay all proceedings in this action, including the filing of answers, motions to dismiss, and other responsive pleadings by all parties, until the Judicial Panel on Multidistrict Litigation ("JPML") issues a decision on a pending motion to consolidate the substantial volume of lawsuits filed across the country making similar allegations concerning Philips' recall of certain sleep and respiratory care devices.[2] A stay of all proceedings pending a ruling by the JPML on consolidation is warranted for judicial efficiency and to prevent inconsistent rulings on issues that would be addressed on a uniform basis if consolidation is granted. Moreover, a stay will not prejudice any party, as this case has only just been filed on June 29, 2021, and no proceedings have occurred beyond filing and service of the Complaint and a motion to consolidate related cases filed in this Court.[3]

## BACKGROUND

On June 14, 2021, Philips instituted a voluntarily recall[4] of certain Continuous Positive Airway Pressure ("CPAP"), Bi-Level Positive Airway Pressure ("Bi-Level PAP"), and mechanical ventilator prescription medical devices (collectively, the "Recalled Devices"), which are used to

---

[1] Philips understands that an effort was made to effectuate service of the Complaint in this action upon its ultimate corporate parent, Koninklijke Philips Namloose Venootschap, a Netherlands entity, on July 15, 2021 (*see* Docket No. 9). This Motion, if granted, would obviate the need for a response on their part until after there is a ruling by the JPML and a schedule entered by the MDL court.

[2] By filing this Motion, Philips does not waive, and expressly reserves, its right to answer or move against the Complaint in this action and assert any and all defenses available under Federal Rule of Civil Procedure 12(b).

[3] The motion to consolidate is pending (*see* Docket No. 8). Philips does not oppose that motion (*id.*) nor does it take a position on the effect of this Motion on the pendency of that motion. The motion to consolidate also concerns the appointment of interim lead counsel as to which Philips takes no position.

[4] *See* Philips Recall Notice (June 14, 2021) at 2 ("Recall Notice"), https://www.usa.philips.com/a-w/about/news/archive/standard/news/press/2021/20210614-philips-issues-recall-notification-to-mitigate-potential-health-risks-related-to-the-sound-abatement-foam-component-in-certain-sleep-and-respiratory-care-devices.html.

treat certain sleep and respiratory conditions, including sleep apnea. According to the Complaint filed in this action on June 29, 2021, the Recalled Devices are equipped with a polyester-based polyurethane ("PE-PUR") sound abatement foam component that "may degrade" and "may off-gas certain chemicals" over time under "certain circumstances." (*See* ECF No. 1 ("Compl.") ¶¶ 24, 25, 28.) Philips has announced that it will replace the PE-PUR foam in all Recalled Devices with a new material as expeditiously as possible, pending required regulatory approvals.[5]

Plaintiff in this case purports to bring suit on behalf of national and Oregon putative classes of purchasers of the Recalled Devices, and alleges that Philips knew about and failed to disclose potential issues with the PE-PUR foam before the recall was announced and that Philips made misrepresentations in connection with the sale of the Recalled Devices. Plaintiff asserts claims for alleged violations of Oregon's consumer protection statute, as well as failure to warn, design defect, negligent recall, warranty, and unjust enrichment claims.

Philips is currently aware of at least 20 other lawsuits (with the instant action, the "Actions") against Philips making similar allegations concerning the recall and asserting similar claims.[6] Additional such suits continue to be filed with regularity in courts across the country.

---

[5] Recall Notice at 3.

[6] *Algofi, et al. v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11150 (DJC) (D. Ma.); *Bossey v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-930 (W.D. Pa.); *Boudreau v. Koninklijke Philips, N.V., et al.*, 1:21-cv-11095 (DJC) (D. Mass); *Emmino v. Koninklijke Philips, N.V., et al.*, No. 8:21-cv-1609 (M.D. Fla.) (MSS); *Graham v. Respironics, Inc., et al.*, No. 21-CI-003652 (Ky. Cir. Ct.); *Griffin v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11077 (DJC) (D. Ma.); *Heilman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00862 (MRH) (W.D. Pa.); *Heller v. Koninklijke Philips, N.V., et al.*, No. 4:21-cv-0111 (CDL) (M.D. Ga.); *Hufnus, et al. v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11130 (DJC) (D. Ma.); *Landers v. Philips North America LLC, et al.*, No. 60CV-21-4374 (Ark. Cir. Ct.); *Manna v. Philips North America LLC, et al.*, No. 1:21-cv-11-17 (DJC) (D. Ma.); *McGuire v. Philips North America LLC, et al.*, No. 2:21-cv-11153 (DJC) (D. Ma.); *Mitrovich v. Philips North America LLC, et al.*, 2:21-cv-5793 (C.D. Ca.); *Ramirez v. Philips North America LLC, et al.*, No. 1:21-cv-11132 (DJC) (D. Ma.); *Schuckit v. Philips North America LLC, et al.*, No. 1:21-cv-11088 (DJC) (D. Ma.); *Shelton v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11076 (DJC) (D. Ma.); *Shrack v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-00989 (D. Del.); *Starner v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-2925 (TJS) (E.D. Pa.); *Swann v. Koninklijke Philips, N.V., et*

On July 7, 2021, the plaintiff in one of the Actions, *Starner v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-2925 (TJS) (E.D. Pa.), filed a Motion for Transfer and Coordination or Consolidation (the "MDL Motion") with the JPML, requesting to centralize the Actions (and any future-filed "tag-along" actions), including the instant action, for coordinated pretrial discovery and proceedings in a multidistrict litigation ("MDL") pursuant to 28 U.S.C. § 1407.[7] Philips intends to file a brief with the JPML supporting centralization of the Actions and in all the pending actions to stay proceedings pending action by the JPML and the MDL court. To promote judicial economy and avoid prejudice to any party, Philips respectfully requests a stay of all proceedings in this action pending the JPML's decision on the MDL Motion and the entry of a scheduling order by the MDL Court.

## ARGUMENT

There is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"—"the power to stay proceedings is incidental to [that inherent] power." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is widely recognized as prudent to stay cases pending a ruling by the JPML on a motion to transfer and consolidate pending cases. *See, e.g.*, Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases.").

---

*al.*, No. 1:21-cv-11142 (DJC) (D. Ma.); *Thomas v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-00874 (CCW) (W.D. Pa.).

[7] *See In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litigation*, MDL No. 3014 (J.P.M.L. filed July 7, 2021) (ECF No. 1-1).

When considering a motion to stay in this context, courts consider (i) "potential prejudice to the non-moving party," (ii) "hardship and inequity to the moving party without a stay," and (iii) "judicial economy." *Alves v. Prospect Mortg., LLC*, No. CIV.A. 13-10985-JLT, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013) (Tauro, J.). As noted, courts "frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009); *see also City of Portland v. Purdue Pharma, LP*, No. 1:18-CV-00298-NT, 2018 WL 6191127, at *5 (D. Me. Nov. 28, 2018) (granting "stay of the proceedings pending the JPML's decision whether to transfer the matters to the MDL is warranted"); *Alves*, 2013 WL 5755465, at *2 (holding that, after "consider[ing] each of the three factors" and "primarily for reasons of judicial economy," "a stay is appropriate" pending a JPML decision).

Because stays pending JPML decisions generally benefit all parties, including by avoiding duplicative pretrial practice, parties frequently move for such stays jointly. *See* Joint Motion to Stay All Proceedings Pending Transfer and Consolidation by the Judicial Panel on Multidistrict Litigation, *Xavier, et al. v. Evenflo Company, Inc.*, No. 1:20-cv-10336 (DJC) (D. Ma.); Joint Motion to Stay All Proceedings Pending Transfer and Consolidation by the Judicial Panel on Multidistrict Litigation, *Lechner v. Evenflo Company, Inc.*, No. 1:20-cv-10420 (DJC) (D. Ma.).

Here, each factor weighs in favor of granting a stay.

## I.  A STAY WILL NOT PREJUDICE PLAINTIFF.

Plaintiff "will not be substantially prejudiced by staying this action pending the decision of the JPML," because any such stay will be in effect only "until the JPML issues its decision" and thus will result in "no extended delay" of the proceedings. *See Am. Seafood, Inc. v. Magnolia Processing, Inc.*, No. CIV. A. 92-1030, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). Courts

frequently have found that stays pending decisions by the JPML do not prejudice plaintiffs because such stays generally are brief. *See Avants v. Prospect Mortg., LLC*, No. 13CV0376 WJ/KBM, 2013 WL 11826548, at *2 (D.N.M. Oct. 9, 2013) (finding that "a slight (four to six month) delay" pending JPML decision would not prejudice plaintiffs); *City of Portland*, 2018 WL 6191127, at *5 ("[W]hile Plaintiffs could experience some delay in the resolution of the jurisdictional issue as the result of a stay order, any delay does not appear to be prejudicial."); *Wittman v. Aetna Health, Inc.*, No. 1:14-CV-00322-JAW, 2014 WL 4772666, at *2 (D. Me. Sept. 24, 2014) ("[A]ny potential prejudice to Plaintiff as the result of the stay would be minimal given the likelihood the stay will be of limited duration.").

Here, briefing on the MDL Motion is scheduled to be completed in less than one month (on August 5, 2021), and as Plaintiffs' counsel have noted, the JPML will likely consider the Motion at its September 30, 2021 hearing and issue a decision within ten days thereafter.[8] Accordingly, any delay in this action will likely be very brief and will not prejudice Plaintiff. *See* Multidistrict Litigation Manual § 4:27 (2014 ed.) ("In most cases the Panel decides the matter before it within a short period."); *Good*, 624 F. Supp. 2d at 134 (finding no prejudice to plaintiff where the JPML had "established a briefing schedule" such that any "delay will be measured in weeks," not months). This is particularly the case here because a motion to consolidate the cases filed in the Massachusetts District Court is pending and proposes that the plaintiffs in those actions—including the plaintiff in this case—file, at a later date, an amended consolidated complaint.[9] Moreover, "there has been very little activity in th[is] matter thus far," the "court has

---

[8] *See* Response to Plaintiff Manna's Motion to Consolidate and Appoint Interim Lead Counsel at 4, *Manna v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-11017 (DJC) (D. Ma.) (ECF No. 18).

[9] *See* Plaintiffs' Memorandum in Support of Motion to Consolidate and Appoint Interim Lead Counsel at 6, *Manna v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-11017 (DJC) (D. Ma.) (ECF No. 14)

6

not issued any discovery orders or a Scheduling Order, and a Scheduling Conference has not yet been held." *Alves*, 2013 WL 5755465, at *3.

"Even if a temporary stay" could "be characterized as a delay prejudicial to plaintiffs," as discussed below, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, No. 90-Civ-4338, 1991 WL 13726, at *1 (D.N.J. Feb 1, 1991).

## II. PHILIPS WILL SUFFER HARM ABSENT A STAY.

If this action is not stayed, Philips will be prejudiced by having to litigate duplicative matters in numerous jurisdictions and venues. Philips' response to the Complaint in this action is currently due on July 27, 2021—just two days before its response to the MDL Motion is due. Forcing Philips to incur significant costs in responding to the Complaint notwithstanding the likelihood of a superseding consolidated complaint, while simultaneously briefing the MDL Motion and serially litigating the other Actions, would defeat the efficiency that MDL proceedings were designed to achieve. *See Abshire v. Davol, Inc.*, No. 2:18-CV-268, 2018 WL 2538746, at *3 (S.D. Ohio June 4, 2018) ("If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated."); *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (granting stay to "prevent duplicative pretrial practice in the likely event that the case is definitively transferred"); *Tench v. Jackson Nat. Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) (granting stay and recognizing that in the MDL transfer context "stays are frequently granted to avoid duplicative efforts"). Absent a stay, Philips

---

(requesting that the court enter an order "providing for a schedule to file a consolidated amended complaint").

will also suffer the prejudice of having to litigate potentially conflicting rulings in the various Actions. *See Aikins v. Microsoft Corp.*, No. CIV.A.00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (granting stay where defendant "could potentially suffer conflicting rulings by different judges in these multiple suits"). Thus, Philips will be filing similar stay motions in the other Actions, many of which, it anticipates, will be unopposed.

**III.   A STAY WILL CONSERVE JUDICIAL RESOURCES.**

Finally, the requested stay will save judicial resources. "Transfers pursuant to § 1407 are meant to," among other things, "conserve the resources of the parties, their counsel and the judiciary." *Good*, 624 F. Supp. at 135. While "little or no judicial resources are expended during the pendency of a stay," *Automated Transactions*, 2013 WL 1346470, at *2, a court risks "[d]uplication of case management tasks" if it declines to stay its proceedings pending resolution of transfer issues. *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009). "There is simply no reason for this Court to expend its time and energy on [this Action] until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court." *Id.*

Here, as noted, we understand that counsel for plaintiffs in this Action and certain of the other Massachusetts Actions already intend to file a consolidated amended complaint. It would therefore waste the Court's resources to consider an answer or motion to dismiss with respect to the existing Complaint in this action. *See U.S. Bank*, 2002 WL 31114069, at *2 ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted."); *Alves*, 2013 WL 5755465, at *3 ("[W]ere this court to deny Defendant's motion . . . and the JPML to grant Defendant's motion to transfer, this court may well waste time and expense on matters that will then be duplicated by the transferee court.").

## CONCLUSION

For the foregoing reasons, Philips respectfully requests that this Court enter an order staying all proceedings in this action until further order of the Court after the JPML has decided whether to centralize the Actions, including this action, in an MDL proceeding.[10] In the alternative, should the Court issue an order denying this Motion, Philips respectfully requests 60 days from the date of that order to answer or move to dismiss the Complaint in this action.

Dated: July 21, 2021

Respectfully Submitted,

*/s/ Daniel S. Savrin*
Daniel S. Savrin (BO #555434)
daniel.savrin@morganlewis.com
Emma Diamond Hall (BO #687947)
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Tel: 617.341.7700

John P. Lavelle, Jr. (*pro hac vice* forthcoming)
john.lavelle@morganlewis.com
Franco Corrado (*pro hac vice* forthcoming)
franco.corrado@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

*Counsel for Defendants Philips North America LLC and Philips RS North America LLC*

---

[10] If the JPML issues an order denying the MDL Motion, Philips respectfully requests 45 days from the date of that order to answer or move to dismiss the Complaint or any superseding Complaint in this action.