# EXHIBIT 1

to Defendants' Motion for Leave to File Reply

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERRY SHELTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC,<br><br>*Defendants*. | Case No. 1:21-cv-11076-DJC |
| BRENDA LINETTE GRIFFIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS RS NORTH AMERICA LLC,<br><br>*Defendants*. | Case No. 1:21-cv-11077-DJC |

*Caption continued on next page*

CARLOS OLDIGS, on behalf of himself
and all others similarly situated,

        *Plaintiff,*

v.

PHILIPS NORTH AMERICA LLC,
f/k/a PHILIPS ELECTRONICS
NORTH AMERICA CORPORATION,
a Delaware corporation;
KONINKLIJKE PHILIPS
ELECTRONICS N.V., a foreign
corporation; and DOES 1-50,

        *Defendants.*

Case No. 1:21-cv-11078-DJC

DIANA RAMIREZ, on behalf of herself
and all others similarly situated,

        *Plaintiff,*

v.

PHILIPS NORTH AMERICA, LLC,
KONINKLIJKE PHILIPS N.V.,
PHILIPS RS NORTH AMERICA LLC,
and DOES 1-100,

        *Defendants.*

Case No. 1:21-cv-11132-DJC

**DEFENDANTS PHILIPS NORTH AMERICA LLC'S AND PHILIPS RS NORTH
AMERICA LLC'S [PROPOSED] REPLY IN SUPPORT OF MOTION TO STAY
PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON
<u>MULTIDISTRICT LITIGATION ON A MOTION TO TRANSFER</u>**

When matters are pending consolidation by a JPML panel, it is a standard practice that motions to stay proceedings pending the JPL's determination will be filed either as assented-to or unopposed and granted by the court in which individual actions are pending.  As of the timing of this submission, the very same relief that is being sought by Philips from this Court has been granted by similarly-situated judges in the Western District of Pennsylvania, the Middle District of Florida, the Middle District of Georgia and the District of Delaware.  Chief Judge Hornak of the Western District of Pennsylvania not only entered the stay but also administratively closed the subject case and directed that any request to lift the stay should be by Joint Status Report of the parties.[1]  Copies of the stay orders issued to date are attached hereto as Exhibits A.[2]

Philips respectfully submits that the same result should apply here with its motion to stay being granted in full, notwithstanding the "Responding Plaintiffs" partial opposition.

## ARGUMENT

In contrast to the circumstances in other matters, here, the Responding Plaintiffs, have filed an opposition that would seek to have this Court (and this Court alone among the many that have been proposed as potential fora for an MDL proceeding) preside over a status conference and address a number of material discovery and pre-trial related matters which they somehow portray as not "requir[ing] judicial resources".  *See* Joint Response to Defendant Philips Motion

---

[1] Order Granting Motion to Stay Proceedings until JMPL decision, *Thomas v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00874 (MRH) (W.D. Pa.) (ECF 19).

[2] *See* Order, *Emmino v. Koninklijke Philips N.V., et al.*, No. 8:21-cv-01609 (MSS) (M.D. Fl.) (ECF No. 11) (granting unopposed stay motion); Order Granting Motion to Stay Pending a Ruling Regarding Consolidation from the Judicial Panel on Multidistrict Litigation, *Heller v. Koninklijke Philips N.V., et al.*, No. 4:21-cv-00111 (CDL) (M.D. Ga.) (ECF No. 21) (granting opposed stay motion); Order Granting Unopposed Motion to Stay, *Shrack v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-00989 (CFC) (D. Del.) (ECF No. 8) (granting unopposed motion to stay); Order Granting Motion to Stay *proceedings until JMPL decision*, *Thomas v. Koninklijke Philips N.V. et. al.*, 2:21-cv-00874 (MRH) (W.D.Pa.) (ECF No. 19) (granting stay and administratively closing case for period of stay); Order, *Thomas v. Koninklijke Philips N.V. et. al.*, 2:21-cv-00874 (MRH) (W.D.Pa.) (ECF No. 20) (requiring counsel to file a Joint Status Report for any request to lift stay).

to Stay Proceedings, at 9 (ECF No. 19).  Responding Plaintiffs also seek to insert themselves, and thereby this Court, in matters related to a recall of a medical device that is being undertaken under the oversight of the Food and Drug Administration (FDA), actions that would implicate primary jurisdiction considerations and counsel court abstention rather than insertion of the court and a self-selected group of counsel in those matters.

One might query what makes these Massachusetts cases different from other cases where Related Actions are pending and where the Courts, without opposition from Plaintiffs, have granted motions to stay to enable the JPML to decide upon the Court where these matters will proceed and for the MDL court to enter a case management order and attend to appointment of interim lead counsel and the like.  A key differentiator, here, seems to be that another set of plaintiffs who brought the first-filed action sought to be appointed as interim lead counsel in the Massachusetts action (*see Manna v. Koninkelijke Philips N.V. et al,* No. 1:21-cv-11017-DJC (D. Mass) (ECF 13)) and that the Responding Plaintiffs—who vigorously opposed that motion (*see Manna v. Koninkelijke Philips N.V. et al,* No. 1:21-cv-11017-DJC (D. Mass) (ECF 18))—aim to position themselves, instead, for the lead counsel position.  That aim, in addition to being set out in the opposition to the interim lead counsel motion, is also set out in the submission to the JPML where they undertake to position themselves as taking a lead role and interacting with Philips counsel on matters of moment.  *See, e.g.*, Joint Response to Defendant Philips Motion to Stay Proceedings, Exhibit B, at 9.[3]  Advancing counsel's position with respect to the ultimate

---

[3] In that submission, Responding Plaintiffs portray themselves as having secured the consent of Philips to accept service of the complaints and their correspondence as having been part of an exchange with Philips' counsel.  In truth, however, both statements are inaccurate.  First, counsel for Philips have advised numerous Plaintiffs' counsel that they were authorized to accept a formal request for a waiver of service in accordance with Fed. R. Civ. P. 4(d).  Counsel both mischaracterized the fact that this was generally provided information and inaccurately described the 4(d) waiver issue as an agreement to accept service (which they have declined to correct despite request to do so).  Second, sending a letter in response to a request not to oppose, or to consent to, a stay motion does not implicate a dialogue but rather, as their submission bears out, constituted a unilateral series of demands that brought discussions to a halt.

designation of lead counsel is, definitively, not one of the criteria for consideration of a stay

pending a JPML decision.  Notably, Plaintiffs' counsel's position is inconsistent with their

submission to the JPML in which they expressly recognized the inefficiencies and the risks of

inconsistent decisions and that "scarce judicial resources would be needlessly wasted" if such

pretrial issues were addressed and resolved in multiple district courts in separate negotiations and

proceedings.  Joint Response to Defendant Philips Motion to Stay Proceedings, Exhibit B, at 5.

As opposed to the disjointed manner in which they now contend that matters should unilaterally

progress in this Court under their auspices

 Comparison of the of the actual governing standards for assessment of a stay pending a

JPML decision and the requested relief sought by the Responding Plaintiffs demonstrates the

merit of a stay of all proceedings——not just the stay of responsive pleadings to which

Responding Plaintiffs assent.  A review of the relief sought by the Responding Plaintiffs

confirms that point.

 What Responding Plaintiffs propose is that the Court direct Philips to deal with counsel

for the Responding Plaintiffs——but not necessarily other plaintiffs' counsel——and to (1)

undertake to negotiate a protective order; (2) undertake to negotiate a protocol for maintenance

*and* production of electronic records; (3) accept discovery requests and address initial disclosure

timing; (4) confer about other discovery matters; and (5) address issues concerning the contours

of the recall (notwithstanding that it is the subject of FDA oversight).  Responding Plaintiffs'

counsel, while opposing other counsel's motions to serve as lead counsel provide no explanation

why the Court should, instead, afford them such special status——effectively because there is no

explanation for affording them such status at this point.  Particularly since either this Court or

another selected by the JPML will later decide which counsel will actually be designated as lead

counsel and what initial case management measures——and how they are conduct and addressed——are appropriate at different stages of the consolidated matters.

In their effort to secure specialized status and advance their prospect of becoming lead counsel, Responding Plaintiffs, make arguments that are divorced from the facts and the relevant law as well as their arguments to the JPML in support of centralization and consolidation.  A central premise of Responding Plaintiffs' position is that affording them all this specialized discovery and pre-trial treatment will not have an impact on judicial resources and will not impose duplicative efforts on Philips or others when it is self-evident that it will, in fact, do both.

## I.   JUDICIAL RESOURCES WILL BE WASTED WITHOUT A STAY

The illusion that there will not be an imposition on judicial resources is belied by, *inter alia*, (1) their request that this Court consider and designate matters that would not be the subject of a stay pending the JPML ruling; (2) their request for a status conference to address those matters and other matters that it will seek to have this Court address in the interim period before a JPML ruling; and (3) their designation of discovery and pre-trial matters that they would like to proceed, all of which are of a nature that would require this Court's involvement and oversight. To that end, conduct that they wish to compel Philips to engage in with the Responding Plaintiffs, are inherently of a nature that would engender different positions and opinions among different sets of plaintiffs' counsel as well as between those counsel and Philips——thus invoking the need to burden the court with addressing those issues as they arise——all in a matter that could well shortly wind up before another Court.  In a similar vein, the conduct that they seek to selectively expedite, is also of a nature that will likely need to be replicated after the JPML rules because other plaintiffs' counsel, and potentially another Court, will want to have a say with respect to initial discovery and case management matters.  It is to avoid undue burdens on courts

that can amount to a "waste of time" and duplication of efforts by parties and the presiding court, that courts routinely (as they have in parallel actions) enter motions to stay all proceedings pending a decision by the JPML.  *See Segovia v. Bristol-Myers Squibb Co.*, No. CVNO1500519DKWRLP, 2016 WL 7007482, at *3 (D. Haw. Nov. 30, 2016) ("[G]ranting Defendants' stay request would not only promote judicial economy but would reduce the risk of inconsistent rulings that the MDL court might then need to disentangle."); *Flores v. Ethicon Inc.*, No. LA CV 14-03367-JAK, 2014 WL 12601023, at *5-6 (C.D. Cal. July 2, 2014) ("Whatever modest prejudice Plaintiffs may suffer by a brief delay, is offset by the benefits all parties may receive from coordinated discovery and motion practice in the MDL proceeding . . . .Thus, the 'duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.'") (internal citation omitted); *U.S. Bank v. Royal Indem. Co*., No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.").  The relief requested by the Responding Plaintiffs will inevitably require and burden judicial resources, engender duplicative efforts and impose hardships on Philips.  To avoid such burdens and duplicative efforts, a stay should be entered here as it was in parallel proceedings by other courts.

## II.    PHILIPS WILL BE HARMED ABSENT A STAY.

While acknowledging the inequity and hardship associated with responding to competing pleadings in different matters, Responding Plaintiffs, glibly contend that there will be no hardship for Philips because their ask, that Philips engage in with their self-selected group, would need to be accomplished "in all events" and that the prospect of duplication is "limited". That argument is unsustainable.  *See Avants*, 2013 WL 11826548, at *3 (finding that defendant's

would be prejudiced where they would "likely be forced to repeat a large amount of discovery and motion practice . . . .").  The selective progression of only Responding Plaintiffs cases will result in a duplicative and unwarranted use of resources, which courts have recognized in like circumstances as supporting a stay and is inherent in other courts entry of stay orders in related actions.  *See Segovia*, 2016 WL 7007482, at *3 (D. Haw. Nov. 30, 2016) ("[G]ranting Defendants' stay request would not only promote judicial economy but would reduce the risk of inconsistent rulings that the MDL court might then need to disentangle."); *Flores v. Ethicon Inc.*, No. LA CV 14-03367-JAK, 2014 WL 12601023, at *5-6 (C.D. Cal. July 2, 2014) (granting stay and noting "[t]hat [d]efendants may be required to defend parallel motions favors granting a stay"); *Avants*, 2013 WL 11826548, at *2 (D.N.M. Oct. 9, 2013) (granting stay acknowledging that "[i]f a stay is not entered, Defendant will likely be forced to repeat a large amount of discovery and motion practice in each of the separate cases").

Notably, once the JPML appoints a court to oversee the matter, that court will have its own case management processes and orders and may require the parties to engage in different practices and approaches.  For example, some courts and judges have their own standard protective orders, ESI protocols and approaches with respect to initial disclosures, such that the efforts that the Responding Plaintiffs seek to compel to occur sooner may be mooted by the practices and preferences of the court ultimately selected by the JPML.  Additionally, plaintiffs' counsel involved in these and other related actions may disagree or ultimately be appointed lead counsel in the MDL.  Thus, Responding Plaintiffs' efforts will likely be replicated in whole or in part once a court is designated by the JPML and interim lead counsel is appointed by that court.  For these reasons, and others, courts recognize that requiring such preliminary activities to

proceed imposes a material hardship and inequity on the defendant (as well as the Court) and, therefore, routinely grant motions to stay in similar circumstances.

## III.   PLAINTIFF'S REQUESTED RELIEF WOULD HARM PHILIPS AND UNDERMINE THE PRESERVATION OF JUDICIAL RESOURCES

The factual elements of the relief requested impose burdens on the courts and the parties that are contrary to the standards for consideration of a stay pending the MDL ruling. Responding plaintiffs also rely on case law that does not support the relief they seek from this Court.  For example, responding plaintiffs cite to two cases for the notion that courts "routinely" conclude that they should require that discovery continue pending a JPML decision.

The cases Responding Plaintiffs cite are atypical *not* routine.[4]  The routine practice as cited *infra* and as reflected in the unconditional stay orders entered by the other courts in related actions and the case closure ruling by Chief Judge Hornak of the Western District of Pennsylvania is to grant unconditional motions to stay pending a JPML petition, particularly where, as here, the case is in its initial stages.  *See Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132,

---

[4] Plaintiffs cite *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 1:14-CV- 146, 2015 WL 13649295, at *4 (N.D. W. Va. Mar. 27, 2015) for the proposition that "[e]ven if the Court later transfers" the case, "it can resolve any discovery disputes and move the lawsuit along in the interim."  However, *Boehringer* is completely irrelevant to the instant matter, principally, because: (1) there was no pending JPML determination; (2) a jurisdictional issue was already being litigated in the first-suit when plaintiffs moved to stay the second-filed suit; and (3) the defendants had already answered the complaint when the motion was filed.  *Id.* at *1.

Plaintiff also cite to *Sehler v. Prospect Mortg.*, LLC, No. 1:13-CV-473 JCC/TRJ, 2013 WL 5184216, at *3 (E.D. Va. Sept. 16, 2013) for the proposition that "the JPML has stated that 'the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable.'"  However, in *Sehler*, discovery was already underway, and the court had already ordered the parties to complete discovery by a certain date and scheduled a final pretrial conference.  *Id.* at *3.  In contrast, here, no such orders have been entered as the matter has only just been filed and no answer has been served.

Plaintiffs also cite *Blackmore v. Smitty's Supply, Inc.*, 451 F. Supp. 3d 1003, 1007 (N.D. Iowa 2020) as an example of a court denying a motion to stay in part because "[t]here are not any motions currently pending in [the] action to create a risk of inconsistent rulings if a stay is not granted."  However, *Blackmore* involved unique circumstances not present here–the parties resisting the motion to stay were all represented by the same counsel allowing for informal consolidation.  *Id.* at 1007.

134 (D. Me. 2009); *see also City of Portland v. Purdue Pharma, LP*, No. 1:18-CV-00298-NT, 2018 WL 6191127, at *5 (D. Me. Nov. 28, 2018) (granting "stay of the proceedings pending the JPML's decision whether to transfer the matters to the MDL is warranted"); *Alves v. Prospect Mortg., LLC*, No. CIV.A. 13-10985-JLT, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013) (Tauro, J.) (holding that, after "consider[ing] each of the three factors" and "primarily for reasons of judicial economy," "a stay is appropriate" pending a JPML decision).

## IV.   PLAINTIFF'S REQUESTED RELIEF ASKS THE COURT TO INVOLVE ITSELF IN THE RECALL OVERSEEN BY THE FOOD AND DRUG ADMINISTRATION

Responding Plaintiffs undertake to further complicate matters here by seeking a directive from the court that would require Philips to confer with their self-selected group with respect to the recall.  The recall at issue was undertaken and implemented under the oversight of the Food and Drug Administration because the product at issue is a medical device.  As a medical device, the recall process is subject to FDA oversight.  We note that FDA authorization is needed for the design changes that will be required for several of the key repair and replacement options that Philips has proposed.  *See, e.g.,* 21 C.F.R. § 807.81(a)(3); 21 U.S.C. §§ 331(a), 352(o).[5]  As a matter of primary jurisdiction jurisprudence, courts are not wont to intercede with respect to the manner in which the FDA oversees a recall.  *Clark v. Actavis Grp. hf,* 567 F. Supp. 2d 71, 717-19 (D.N.J. 2008) (finding that Congress vested the FDA with the authority to monitor and

---

[5] As prescription medical devices, the products at issue are prescribed for individuals by doctors or licensed other health care providers and dispensed to individuals by others within the health care system, typically state-licensed durable medical equipment (DME) suppliers.  These products are not sold to consumers directly by Philips and Philips does not have contact information on each of these individuals.  Both the FDA and Philips provided public notice with respect to the recall.  *See* Philips Recall Notice (June 14, 2021) at 2, https://www.usa.philips.com/a-w/about/news/archive/standard/news/press/2021/20210614-philips-issues-recall-notification-to-mitigate-potential-health-risks-related-to-the-sound-abatement-foam-component-in-certain-sleep-and-respiratory-care-devices.html..  Philips, as well as the FDA, provided notice to DME suppliers, health care providers and other intermediaries with respect to the recall with the aim that they, in turn, would provide direct notice to individuals that may not have been reached by the public notifications or the robust traditional and social media coverage (as well as prominent marketing and solicitation by law firms) that the recall has received.

supervise product recalls and that interference with the recall process requires this Court to engage in the type of technical analysis conducted by the FDA such that primary jurisdiction doctrine prevents the court from issuing an order interfering with such a recall).  Here, not only do the Responding Plaintiffs want the Court to intercede at a preliminary stage in the litigation they also want the Court to compel the involvement of their self-selected counsel group.  This request not only burdens the Court with primary jurisdiction and other legal determinations, it would burden Philips and the FDA in a manner that is inconsistent with how courts have traditionally managed the interaction between the province of the court and the province of the FDA as the governing administrative agency.

The notion that such oversight can be accomplished without interfering with Philips and the FDA efforts, or without engendering conflicts and issues that would require the court's intercession and involvement is not addressed or sustainable.  Similarly, other than generalized anecdotal critiques of the recall and notification process, the Responding Plaintiffs do not explain what they believe the FDA is failing to do or what they can accomplish that the FDA cannot and how they could accomplish those tasks without miring both the court and the FDA in their efforts to carve out a more prominent role for themselves.

## CONCLUSION

In the end, this request for the Court's intercession at this early stage, like their other efforts, seems targeted more at placing counsel for the Responding Plaintiffs in a more advanced position when lead counsel determinations, without regard for the actual governing standards for entry of a stay or the imposition on the judicial resources of this court or the burdens of the duplicative and unwarranted hardships that that would be imposed upon Philips, this court and the court that is ultimately selected by the JPML to preside over this matter with some counsel

and some activities having advanced in an ad hoc fashion.  Those factors, particularly in the

context of a new matter, warrant entry of a stay in this and all related actions—a result that has

been recognized by other courts in the very same circumstances.

Dated: August 6, 2021                                  Respectfully Submitted,

                                                        */s/ Daniel S. Savrin*
                                                        Daniel S. Savrin (BO #555434)
                                                        daniel.savrin@morganlewis.com
                                                        Emma Diamond Hall (BO #687947)
                                                        emma.hall@morganlewis.com
                                                        MORGAN, LEWIS & BOCKIUS LLP
                                                        One Federal Street
                                                        Boston, MA 02110-1726
                                                        Tel: 617.341.7700

                                                        John P. Lavelle, Jr. (*pro hac vice*)
                                                        john.lavelle@morganlewis.com
                                                        Franco Corrado (*pro hac vice*)
                                                        franco.corrado@morganlewis.com
                                                        MORGAN, LEWIS & BOCKIUS LLP
                                                        1701 Market Street
                                                        Philadelphia, PA 19103-2921
                                                        Tel: 215.963.5000

                                                        *Counsel for Defendant Philips North
                                                        America LLC and Philips RS North America
                                                        LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *Emma Diamond Hall*
Emma Diamond Hall (BBO #687947)
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Tel: 617.341.7700